UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | 1:06-cv-100/1:02-cr-14 |
| | ) | *Chief Judge Curtis L. Collier* |
| LARRY SWAFFORD[1] | ) | |

**MEMORANDUM**

Defendant Larry Swafford ("Swafford") has filed a *pro se* motion for post-conviction relief pursuant to 28 U.S.C. § 2255 (Court File No. 1) and a motion for equitable tolling (Court File No. 2). Swafford was convicted, following a jury trial, of possession with intent to distribute 50grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B); possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); and possession of a firearm in furtherance of the drug trafficking crimes charged in the first two counts, in violation of 18 U.S.C. § 924(c). Swafford attacks the sufficiency of the evidence and claims the Court committed plain error when it admitted opinion testimony regarding the intent to distribute the drugs and the reason the guns were possessed. In addition, Swafford claims the Court abused its discretion by admitting certain evidence into the record.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), there is a one-year statute of limitation for filing a § 2255 motion. *See* 28 U.S.C. § 2255. Swafford was sentenced to a term of imprisonment for 180 months on March 21, 2003. Swafford's judgment was entered on March 25, 2003. Swafford pursued a direct appeal. The United States Court of Appeals

---

[1] Although Magistrate Judge William B. Carter entered an Order in the criminal case (Case No. 1:02-cr-14, Court File No. 5) directing the defendant's name be reflected as Larry Swafford instead of Larry Swofford in the indictment, the Court observes the docket sheet in this civil case incorrectly reflects the defendant's name as Larry Swofford.

for the Sixth Circuit affirmed his judgment on September 30, 2004, and the Supreme Court of the United States denied certiorari on February 22, 2005. "For the purposes of the limitations period of § 2255, 'a conviction becomes final at the conclusion of direct review.'" *Brown v. United States*, 20 Fed. Appx. 373 (6th Cir. 2001) (unpublished table decision), *available in* 2001 WL 1136000, *quoting Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001). If a defendant pursues direct review through a petition for certiorari in the Supreme Court, direct review concludes when the Supreme Court either denies the petition for certiorari or decides the case. The United States Supreme Court disposed of Swafford's case on February 22, 2005. Therefore, Swafford's judgment became final on that date. The one-year statute of limitations for filing a § 2255 motion began to run on February 23, 2005, and expired February 22, 2006.

It appears Swafford's § 2255 motion was delivered to prison authorities on or about March 24, 2006.[2] A motion filed by a prisoner is deemed filed when given to the prison authorities for mailing. *In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997), *citing Houston v. Lack,* 487 U.S. 266, 270-71 (1988); *See* Rule 4(c) FED. R. APP. PROC. Therefore, Swafford's motion is treated as filed on March 24, 2006.

Swafford's judgment of conviction became final on February 22, 2005, when the Supreme Court denied review. Consequently, using the date of February 23, 2005, as the starting point for determining when Swafford's judgment became final and the statute of limitations began to run, Swafford's motion is untimely. The one-year statute of limitations under § 2255 expired on February 22, 2006. Since Swafford's § 2255 motion was filed on March 25, 2006, it is untimely.

---

[2] Although the envelope is not in the file, the date of March 24, 2006, is the date on which Swafford signed his § 2255 motion. Therefore, the Court treats the § 2255 motion as being filed on March 24, 2006.

2

Swafford argues equitable tolling should apply in his case. Swafford claims equitable tolling is applicable because he is actually innocent of the charges for which he was convicted and sentenced. Swafford makes the following specific allegations:

> Movant contends that the limitations period in Section §[sic] 2255 must be **<u>'tolled'</u>** in this case where his conviction and sentence violates the Fifth, Sixth, and Eighth Amendment of the United States Constitution and his continued incarceration . . . .
>
> The record in this case supports Movant's claim that he is "actually innocent" of the charges for which he was convicted, and sentenced to/for. Failure to correct this "Misacarriage of Justice' would unconstitutionally suspend the Writ of Habeas Corpus . . . .
>
> As previously noted, the conviction entered against Movant in counts 1, 2, & 3 of the indictment fails to meet the requisite elements for such.

(Court File No. 2, pp. 3-4).

The Court of Appeals for the Sixth Circuit has held"[b]ecause AEDPA's one-year statute of limitations is not jurisdictional, a petitioner who misses the deadline may still maintain a viable habeas action if the court decides that equitable tolling is appropriate." *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir.). *cert. denied*, 543 U.S. 865 (2004); *Dunlap v. United States*, 250 F.3d 1001, 1003 (6th Cir.), *cert. denied*, 534 U.S. 1057 (2001). The Sixth Circuit has cautioned, however, "equitable tolling relief should only be granted sparingly." *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir.), *cert. denied*, 537 U.S. 1091 (2002).

Swafford argues because he is actually innocent, equitable tolling should be applied to allow this Court to consider his constitutional claims. The United States Supreme Court has held an actual innocence claim can be raised "to avoid a procedural bar to the consideration of the merits of [the petitioner's] constitutional claims." *Schlup v. Delo*, 513 U.S. 298, 326-27 (1995). However, the Court has not located a Supreme Court or Sixth Circuit case specifically addressing the issue of

whether an actual innocence exception to the one-year limitations period exists. Nevertheless, since Swafford has failed to submit a credible claim of actual innocence, the Court need not make a determination of whether an actual innocence claim exception to the one-year limitations period exists.

The threshold inquiry is whether sufficient doubt is raised about the petitioner's guilt by the new facts, which undermines confidence in the result of the trial. *Schlup*, 513 U.S. at 317. To establish innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 327. "[A]ctual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 623 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schlup*, 513 U.S. at 324. The Supreme Court cautioned however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* at 321.

Swafford's conviction is not such a rare and extraordinary case, as he has failed to present any evidence that raises any doubt about his guilt and undermines confidence in the result of his trial. Swafford has not presented any evidence that prevents this Court from having confidence in the outcome of the trial. Swafford has presented no new facts at all, thus there are no new facts that raise sufficient doubt about Swafford's guilt to undermine confidence in his convictions and sentences. Absent a credible claim of innocence supported by allegations of constitutional error with new reliable evidence that was not presented at trial, *Schlup*, 513 U.S. at 324, Swafford is not entitled to equitable tolling relief.

4

Although the one-year limitation period in § 2255 is subject to the doctrine of equitable tolling, the Court nevertheless declines, under the circumstances of the instant case, to invoke the equitable tolling doctrine because Swafford has failed to provide any factual support to his allegation he is actually innocent. Swafford has not established he is actually innocent of any of the crimes for which he was convicted and sentenced. Accordingly, Swafford has failed to demonstrate his case presents circumstances appropriate for applying the equitable tolling doctrine; thus, his motion for equitable tolling will be **DENIED** (Court File No. 2).

Swafford's petition was untimely, and he has failed to demonstrate a credible claim of actual innocence, which is sufficient for equitably tolling the statute of limitations and enabling this Court to reach the merits of his underlying claims.

Accordingly, the time for filing a § 2255 motion in his case was no later than February 22, 2006, which is one year from the date Swafford's judgment of conviction became final. 28 U.S.C. § 2255. Since Swafford's § 2255 motion was filed on March 24, 2006, it is time-barred by the statute of limitations and will be **DISMISSED** (Court File No. 1).

An appropriate final order will enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**